

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 3, 1939

Honorable Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. Q-734
Re: Powers and duties of As-
sistant Secretary of State.

In your letter of May 1, 1939, you quote in full
Article 4340 of the Revised Civil Statutes of Texas, as amended
by Acts 1927, 40th Legislature, page 55, chapter 39, section 1,
and ask the opinion of this Department upon the following ques-
tions:

"(1) If it is necessary that the Secretary
of State be absent from the city before the
Assistant Secretary of State would be auth-
orized to act in his stead?

"(2) Is the Assistant Secretary of State
authorized to sign certificates as Assistant
Secretary of State or must all certificates
going out of this office be signed by the
Secretary of State?

"(3) Should the Assistant Secretary of
State sign certificates as the <u>Acting Secre-
tary of State</u> or as <u>Assistant Secretary of
State?</u>

"(4) If at times the Assistant Secretary of
State should sign certificates and other docu-
ments as Assistant Secretary of State and at
other times as Acting Secretary of State, then
when should he sign as <u>Acting</u> and when as
<u>Assistant</u> Secretary of State?"

It will be observed that the article of the statute above referred to provides that the Assistant Secretary of State "shall perform all the duties required by law to be performed by the Secretary of State when the said Secretary of State is absent or unable to act for any reason. Such Assistant shall perform such other duties as shall be required of him by the Secretary of State...."

By virtue of the provisions of the statute, the authority of the Assistant Secretary of State to act at all depends upon the happening of certain events prescribed by the statute.

By the second contingency prescribed by the statute, the Assistant Secretary of State is authorized to and required to perform such duties as the Secretary of State shall delegate to him for performance. Under this section of the statute, then, the authority of the Assistant Secretary of State to perform a particular duty depends upon whether the Secretary of State has instructed him to perform such duty. The full authority of the Assistant Secretary of State thus to act arises from the statute investing him with such authority when the contingency mentioned in the statute is met - that is, when the authority to perform the particular act has been delegated by the Secretary of State. There is no unlawful delegation of authority by the Secretary of State, for the Secretary of State and the Assistant Secretary of State are both creatures of the law. The duty and the authority to act is an incident of the office, and not a personal one, and there is nothing to prohibit the legislature from authorizing, as it has in this act, the performance of certain duties attached to the office of Secretary of State by the Assistant Secretary of State when the Secretary of State shall see fit to require the performance of such duty by the Assistant Secretary of State. Pfeffer v. Mahnke et al, (Commission of Appeals, Section B, opinion adopted by the Supreme Court ) 260 S. W. 1031.

On the other hand, by virtue of the provisions of the statute, even though there may be no delegation of authority by the Secretary of State, yet in the event the Secretary of State is absent or unable to act for any reason, the Assistant Secretary of State is authorized by the statutes to perform all the

duties required by law to be performed by the Secretary of State. If the contingency mentioned in this particular section of the act occurs, the authority of the Assistant Secretary of State to act is complete.

The purpose of the statute cited above is obviously to expedite and facilitate the performance of the duties imposed by law upon the office of Secretary of State. The act should be liberally construed so as to give effect to that purpose. With this purpose in mind, it is the opinion of this department that it is not necessary that the Secretary of State be absent from the city before the Assistant Secretary of State would be authorized to act, but, on the contrary, that his absence from the office of the Secretary of State at the time the occasion for acting arises is sufficient to authorize the Assistant Secretary of State to act in his stead. Likewise, it is the opinion of this department that the phrase "unable to act for any reason" should be liberally construed, and that the inability of the Secretary of State to act, as therein contemplated, may consist of or be brought about by the volume of other work commanding the attention of the Secretary of State and preventing him from acting in respect to certain duties of his office, as well as by physical or mental inability to act.

You are further advised, that, since the acts of public officers are presumed to have been done in the proper exercise of legitimate powers, unless the contrary be shown, the fact that the Assistant Secretary of State acts in a particular matter gives rise to the presumption that the conditions prescribed by the statute authorizing him to act have arisen. Pfeffer v. Mahnke, cited above.

Your first question above quoted is therefore answered in the negative.

Your second question is answered by the discussion above.

In answer to your third question, you are advised that it is the opinion of this department that the Assistant Secretary of State, when authorized by the happening of any of the conditions above mentioned to sign certificates, should sign them as

Assistant Secretary of State.  There is no provision in the statute for such an officer as "Acting Secretary of State."  If the signature is as Assistant Secretary of State, the presumption above referred to would attach;  but it is doubtful that such a presumption would attach to the act of an acting Secretary of State where no such office is provided for by law.

In answer to your fourth question, you are advised that in our opinion whenever the Assistant Secretary of State may affix his signature to any document by virtue of the happening of the conditions above mentioned, he should sign as Assistant Secretary of State, and in no instance should he sign as Acting Secretary of State.

We trust that this opinion will answer all of the inquiries to your entire satisfaction.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Richard W. Fairchild_
Richard W. Fairchild
Assistant

RWF:FL

APPROVED:

ATTORNEY GENERAL OF TEXAS